RAVOLD, Appellant, v. GRUMME et al., Respondents.

St. Louis Court of Appeals, April 24, 1906.

EQUITY: Laches: Removing Trustee in Deed of Trust. Where a party who had executed a deed of trust to secure certain indebtedness sought to remove the trustee on account of his relationship to the *cestui que trust*, and brought a proceeding for that purpose seven years after the execution of the deed of trust, and on the very day that the property was advertised for sale under it, without praying for injunction or giving bond or taking any steps to prevent the intended sale, the complaint stated no cause of action because it showed on its face laches in seeking relief and because the wrong, if any, sought to be prevented was already accomplished at the time of filing the suit.

118 App—20

Ravold v. Grumme.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. M. Kinsey,* Judge.

AFFIRMED.

*Kinealy & Kinealy* for appellant.

*Randolph Laughlin* for respondent.

GOODE, J.—Plaintiff alleged in her petition, which is in the nature of a bill in equity, that on June 27, 1898, she and her husband, Michael Ravold, executed a deed of trust to August Grumme, as trustee for his mother, Margaretha Grumme, to secure a note for $5,000 and interest notes, on a certain parcel of land belonging to plaintiff. Said deed provided that in case of a default in the payment of the notes, the trustee, August Grumme, might advertise and sell the real estate for cash to the highest bidder, at the east front door of the courthouse in the city of St. Louis, between the hours of nine a. m. and five p. m. for the purpose of satisfying the indebtedness. Plaintiff alleges that she did not know at the time the deed of trust was executed, that August Grumme was the son of Margaretha Grumme, the beneficiary in the deed of trust, nor learn of the fact until August Grumme had advertised the property for sale; that the trustee had advertised the property at the request of his mother, who was still the holder of the note and the sale was to occur on February 11, 1905; that on account of the close relationship between August Grumme, trustee, and Margaretha Grumme, the beneficiary, plaintiff would be unable to obtain a fair sale of the property, or get a price for it which she would get if the sale was conducted by a disinterested party; wherefore she prayed the court to remove August Grumme as trustee and appoint a new trustee if such sale then be necessary. Defendant demurred to the petition on the ground that on the face thereof, it appeared no facts

were stated to constitute a cause of action. The petition was filed February 11, 1905, the very day the sale was advertised to occur and some seven years after the deed of trust had been executed. The suit was accompanied by no prayer for an injunction, or bond, or any step necessary to prevent the sale from occurring as advertised. The summons was returnable to the April term, which would come on in regular course two months or more after the date of the intended sale.

Whatever may be thought of the right of plaintiff to the redress she asked, if timely application had been made for it, it is perfectly obvious that she had no case when she sued. The petition does not allege that plaintiff first learned the trustee was the son of the beneficiary on the date of the filing of the suit; that is, the date of the sale; but, on the contrary, alleges that she learned it when the property was advertised for sale, which was weeks earlier. Moreover, she had seven years to ascertain the fact, and the idenity of the family name of the trustee and the beneficiary was an intimation that some relationship existed between them. In our judgment the petition stated no cause of action because it showed on its face laches in seeking the relief asked and, further, because the court was asked to grant relief against a wrong, if it was one, which had accomplished the mischief to be prevented.

The judgment is affirmed. All concur.